ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                        15-CR-6157FPG

TERRENCE LEWIS

        Defendant.

---

## PLEA AGREEMENT

The defendant, TERRENCE LEWIS, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a one-count Superseding Information which charges a violation of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute, and to distribute, 100 grams or more of heroin), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 40 years, a fine of $5,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 4 years and up to life. The defendant understands that the penalties set forth in this paragraph is the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.  The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 3 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.  ELEMENTS AND FACTUAL BASIS

3.  The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following element of the crime:

### 21 U.S.C. 846

First, that an agreement existed between two or more persons to commit a controlled substance felony offense, to wit, to possess with intent to distribute and to distribute a mixture or substance containing a detectable amount of heroin;

Second, that the defendant knew of the existence of the agreement;

Third, that the defendant intended to participate in the unlawful agreement; and

Fourth, that at least 100 grams of heroin was reasonably foreseeable to the defendant as being within the scope of the agreement.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. Between in or about January 2015 and in or about November 2015, in the Western District of New York, and elsewhere, an agreement or understanding existed between the defendant, TERRENCE LEWIS, and others, to possess with the intent to distribute and to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

   b. The defendant admits that he and others participated together in the sale of the heroin shipments received from various suppliers. The defendant further participated by delivering or exchanging quantities of heroin to other members of the conspiracy, knowing that the heroin would be re-sold. The defendant understood that the overall goal or aim of the conspiracy he was involved in was to unlawfully sell the controlled substances for profit.

   c. The defendant understands, agrees and does not dispute that at least 400 grams but less than 700 grams is the amount of heroin involved in the defendant's relevant conduct encompassed in Count 1 of the Superseding Information, which could be readily proven by the government against the defendant.

## III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(7) apply to the offense of conviction and provide for a base offense level of 26.

## ACCEPTANCE OF RESPONSIBILITY

7.      At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility). which would result in a total offense level of 24.

## CRIMINAL HISTORY CATEGORY

8.      It is the understanding of the government and the defendant that the defendant's criminal history category is II.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

9.      It is the understanding of the government and the defendant that, with a total offense level of 24 and criminal history category of II, and taking into account the applicable statutory minimum penalties, the defendant's sentencing range would be a term of imprisonment of **60 to 71 months, a fine of $20,000 to $5,000,000, and a period of supervised release of 4 to 5 years.** Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in Paragraph 1 of this agreement.

10.  Notwithstanding the above calculations, it is the agreement of the parties pursuant to **Rule 11(c)(1)(C)** of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a **60-month term of imprisonment** as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the amount of a fine or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

11.  The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

12.  The defendant understands that, except as set forth in ¶ 10, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### IV. STATUTE OF LIMITATIONS

13.  In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or

otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances, and the unlawful possession and use of firearms, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.  GOVERNMENT RIGHTS AND RESERVATIONS

14. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement, including the amount of a fine and/or the method of payment; and

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

15. At sentencing, the government will move to dismiss Indictment 15-CR-6157, insofar as it relates to the defendant.

16.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.  APPEAL RIGHTS

17.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 9, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

18.     The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

19.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 9, above, notwithstanding the manner in which the Court

determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. TOTAL AGREEMENT AND AFFIRMATIONS

20. This plea agreement represents the total agreement between the defendant, TERRENCE LEWIS, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: _____
DOUGLAS E. GREGORY
Assistant United States Attorney
United States Attorney's Office
100 State Street, Room 500
Rochester, New York 14614
585-399-3938

Dated: October 27, 2016

## ACKNOWLEDGMENT

I, TERRENCE LEWIS, have read this agreement, which consists of 9 pages. I have had a full opportunity to discuss this agreement with my attorney, Avik Ganguly, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
TERRENCE LEWIS
Defendant

Dated: October 27, 2016

_____
AVIK GANGULY, ESQ.
Attorney for the Defendant

Dated: October 27, 2016